IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:13-CR-92-BO
NO. 7:14-CV-231-BO

| | |
|---|---|
| SALVADOR SERRANO PORTILLO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and the government's motion to dismiss or in the alternative for summary judgment.

Petitioner was convicted, after pleading guilty pursuant to a plea agreement, of one count of conspiracy to defraud the United States, 18 U.S.C. § 286, and one count of aggravated identity theft. 18 U.S.C. § 1028A. Petitioner was sentenced on March 6, 2014, to a term of twenty-seven months and twenty-four months' imprisonment, to be served consecutively. Petitioner filed the instant § 2255 motion on October 16, 2014.

Petitioner raises four claims for relief. First, petitioner contends that he does not speak English and that his lawyer did not inform him that he could be deported if he pleaded guilty. Second, petitioner contends that his lawyer promised him that he would only receive a sentence of twenty-four months' imprisonment and that petitioner could return to his home and family in the United States at the expiration of his active sentence. Third, petitioner contends that he has been barred from an interpreter. Finally, petitioner contends that if his lawyer is to be believed

regarding petitioner's sentence, then prosecutorial conduct must have taken place as petitioner's counsel was adamant that petitioner's sentence would not exceed twenty-four months' imprisonment.

The government has filed an affidavit of petitioner's trial counsel, Mitchell Styers, detailing his meetings and conversations with petitioner. [DE 50-1]. In response, petitioner has filed an affidavit stating that he did not understand ninety-nine percent of what was said to him by counsel or the Court, and that the Spanish interpreter supplied spoke a different Spanish which petitioner did not correctly understand.

There is "a category of petitions, usually involving credibility, that will require an evidentiary hearing in open court." *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970). Indeed, "when a movant presents a colorable Sixth Amendment claim showing disputed facts involving inconsistencies beyond the record, a hearing is mandated." *United States v. Ramirez*, 122 F. App'x 14, 15 (4th Cir. 2005).

Accordingly, the Court will hold an evidentiary hearing on petitioner's claim that he was unable to understand the Court and his lawyer through the provided interpreters and that che was barred from an interpreter and his counsel was incompetent for failing to request one. Rule 8(c) of the Rules Governing § 2255 Proceedings requires that the Court appoint counsel to represent petitioner at an evidentiary hearing if he meets the indigency requirements. *See also United States v. Harris*, 217 F.3d 841 (4th Cir. 2000) (unpublished table decision). As petitioner was previously determined to meet the indigency requirements, Raymond Tarlton is hereby APPOINTED to represent petitioner for this evidentiary hearing. 18 U.S.C. § 3006A. Pursuant to Rule 8(c) of the Rules Governing section 2255 Proceedings the Court will conduct the hearing as soon as is practicable after giving the attorneys adequate time to investigate and prepare. The

Court will consider petitioner's claims and the government's motion to dismiss after it has conducted the evidentiary hearing.

## **CONCLUSION**

For the foregoing reasons, the Court will hold an evidentiary hearing regarding petitioner's ability to understand his criminal proceedings. The clerk is DIRECTED to provide a copy of this order to the Office of the Federal Public Defender and attorney Raymond Tarlton.

SO ORDERED. This the _10_ day of March, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE