IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:13-CR-92-BO
NO. 7:14-CV-231-BO

| | |
|---|---|
| SALVADOR SERRANO PORTILLO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and the government's motion to dismiss or in the alternative for summary judgment. A hearing was held on these matters before the undersigned on May 20, 2015, at Raleigh, North Carolina.

## DISCUSSION

In his § 2255 motion, petitioner raises claims of ineffective assistance of counsel and prosecutorial misconduct, each of which challenge, at bottom, the validity of his guilty plea. In order to demonstrate prejudice when challenging the validity of a guilty plea in the context of a claim for ineffective assistance of counsel, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Similarly, a claim for prosecutorial misconduct requires a petitioner to show both improper conduct and resulting prejudice. *See United States v. Scheetz*, 293 F.3d 175, 185 (4th Cir. 2002).

At the hearing before the undersigned, petitioner, through counsel and for himself during a colloquy with the Court, stated that he does not want to revoke his guilty plea and that he does not want to go to trial. Petitioner has, therefore, repudiated his claim that he was prejudiced by counsel's or the prosecutor's conduct, as well as any remedy which might be granted by a successful challenge to the validity of his guilty plea. The Court through its colloquy further confirmed that petitioner understands that because he does not seek such remedies his § 2255 motion cannot be granted and will be dismissed.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## **CONCLUSION**

In light of the foregoing, the government's motion to dismiss [DE 49] is GRANTED and petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 42] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED. This the _20_ day of May, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2

Case 7:13-cr-00092-BO   Document 61   Filed 05/22/15   Page 2 of 2